■ In the Matter of ANITA RAY, Petitioner, v BRIAN WING, as Acting Commissioner of New York State Department of Social Services, Respondent. [661 NYS2d 163] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Petitioner is a 42-year-old woman who suffers from hereditary spinocerebellar degenerative disease, insulin-dependent diabetes mellitus gastroparesis, and urinary incontinence and is completely wheelchair-dependent. Because petitioner lacks the upper body strength to propel a wheelchair with her arms, she must push and pull the wheelchair with her feet. At the fair hearing to challenge the denial of petitioner's request for funding for an Enduro Plus Hemi-Height Wheelchair with custom seating, petitioner's physical therapist testified that petitioner's present wheelchair is too wide to fit through many doorways of petitioner's apartment, including the doorway to the bathroom. She further testified that the seat of petitioner's present wheelchair is too high, requiring petitioner to lean forward to propel the wheelchair with her feet, resulting in back pain. The new wheelchair would be lower to the ground and would have a solid, adjustable seat, upon which a cushion could be placed to prevent decubitus ulcers and the breakdown of petitioner's skin. The new wheelchair would fit petitioner's body frame and promote proper posturing of petitioner's hips and trunk. The new wheelchair would be fitted with leg rests, which would curtail edema of the ankles and prevent leg injuries during transport, and with adjustable arm rests, which would allow petitioner to reposition herself in her chair as well as assist her with transfers. The physical therapist testified that, according to the vendor, petitioner's current wheelchair could not be retrofitted with the necessary seat adjustments, and although leg rests could probably be installed on petitioner's current wheelchair, she did not know whether arm rests could be so installed.

The Administrative Law Judge (ALJ) upheld the denial of funding, noting that the new wheelchair would be better for petitioner, but concluding that petitioner had not established that it was medically necessary. He further concluded that petitioner's current wheelchair could be modified with a new seating system and could have elevating leg rests and adjustable arm rests added.

We agree with petitioner that respondent's determination that the new wheelchair is not medically necessary is not supported by substantial evidence (*see, Matter of Johnson v Wing,* 237 AD2d 960; *Matter of Gartz v Wing,* 236 AD2d 890; *Matter of Dobson v Perales,* 175 AD2d 628). Petitioner established that the new wheelchair would prevent skin breakdown, decubitus ulcers and edema, would enable her to push the chair more easily without the need to lean forward, would provide better support and prevent back, shoulder and neck pain, and would allow her to fit through the doorway to the bathroom. Respondent presented no proof to the contrary. Moreover, the ALJ's conclusion that petitioner's current wheelchair could be retrofitted has no support in and is in fact belied by the record. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Sedita, Jr., J.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.