■■■ In the Matter of JENNIFER KINDRON, an Infant, by PATRICIA KINDRON, as Guardian of Her Property, Petitioner, v BARBARA A. DEBUONO, as Commissioner of New York State Department of Health, Respondent. [697 NYS2d 794] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Petitioner commenced this proceeding on behalf of her 15-year-old daughter, Jennifer, who has spinal muscle atrophy, a progressive disease that results in increasing muscular weakness and motor loss. Jennifer's physician requested funding approval from the Office of Health Systems Management (OHSM) for the purchase of a Hoyer swimming pool lift and related accessories to allow Jennifer to engage in therapeutic activities in the pool at her parents' home. OHSM denied the request on the ground that it was not based on medical need but on Jennifer's need for recreation and exercise. At the fair hearing challenging that determination, petitioner presented medical proof establishing that hydrotherapy was prescribed for Jennifer, not primarily to provide recreation or exercise, but to slow the debilitating progression of her disease. More specifically, petitioner established that the medical benefits of hydrotherapy for Jennifer include increases in her ranges of motion, muscle strength and bone density, a reduction in cardiovascular deterioration and the prevention of venostasis and osteoporosis. The physical therapist who has been treating Jennifer testified that those benefits would not be realized through other forms of physical therapy. In addition, the therapist and petitioner testified that the family pool is the

only pool adequate to meet Jennifer's needs and that the Hoyer swimming pool lift is the only safe means for transporting Jennifer into the pool. Because respondent offered no proof that the Hoyer swimming pool lift is not medically necessary or that it is not medical equipment encompassed within the definition of "medical assistance" (Social Services Law § 365-a [5]), the determination is not supported by substantial evidence and must be annulled (*see, Matter of Starkweather v Wing*, 242 AD2d 961, 962; *Matter of Ray v Wing*, 238 AD2d 958, 959; *Matter of Gartz v Wing*, 236 AD2d 890, 891). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Sconiers, J.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.